UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERMAINE COLLINS ,

      Petitioner ,

v.                                      CASE NO: 8:12-cv-2292-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.
_____/

## ORDER

      Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this timely amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #6). The Court has considered the amended petition and Respondents' response (Dkt. #10). Upon review, the Court determines that the petition must be denied because the claims are either barred or lack merit.

## BACKGROUND

      Petitioner, Jermaine Collins, was charged with four counts of possession of cocaine and four counts of sale of cocaine.  (Ex. 1).  A jury trial was held and guilty verdicts were returned on all charges (Ex.3).  As a result, Petitioner was sentenced to a total of fifty years in prison.  (Ex. 4).

      On appeal, Petitioner raised the issue of whether the admission of hearsay testimony constituted fundamental error.  (Ex. 5 p.9). The state appellate court affirmed (per curiam) Petitioner's convictions and sentences without opinion. (Ex. 7).

Seven months later, Petitioner filed a motion for post-conviction relief along with a supporting memorandum of law  (Ex. 10).   The motion was filed pursuant to Florida Rule of Criminal Procedure 3.850  (Ex. 9).  The state circuit court entered an order denying in part and striking in part Petitioner's motion.  (Ex. 11). Petitioner responded by filing an amendment (Ex. 12) and an amendment/supplement (Ex. 16) to the motion for post-conviction relief.  Both of these amendments were denied. (Ex. 17, 19).

Prior to the denial of the second amendment/supplement Petitioner also filed a motion for rehearing.  (Ex. 18).  Although the motion for rehearing was granted (Ex. 19), Petitioner filed a second motion for rehearing (Ex. 20). The second motion was denied (Ex. 21) and later affirmed on appeal. (Ex. 22).

Petitioner also filed a motion to correct illegal sentence (Ex. 24) and a motion to vacate illegal sentence (Ex. 25).  Both motions were filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  The state circuit court denied both motions.  (Ex. 26). Petitioner appealed and the state appellate court affirmed without opinion (Ex. 29).

Finally, Petitioner filed a second motion for postconviction relief.  (Ex. 31).  The motion was dismissed as untimely and Petitioner appealed. The appellate court, again, affirmed without opinion. (Ex. 35).

## STANDARD OF REVIEW

Because Collins filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state

court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to 28 U.S.C. § 2254(a) "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. at 792; *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim;

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for postconviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no

Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law.  *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003).  "[A] state court's decision is not 'contrary to...clearly established Federal law' simply because the court did not cite [Supreme Court] opinions...[A] state court need not be aware of [Supreme Court] precedents, 'so long as neither reasoning nor the result of the state-court decision contradicts them.'"  *Id.*  at 16 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it."  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted).  A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

### DISCUSSION

Collins asserts the following claims in his timely petition: (1) the admission of hearsay testimony constitutes fundamental error; (2-10) ineffective assistance of trial counsel for failing to: covey a plea offer made by the trial court; file a pretrial motion to suppress business records; file a motion to dismiss; depose State's key witness and for not cross-examining witness during trial; move to have counts two, four, six and eight set aside due to counts one, three, five and seven encompassing the same elements; move for disclosure of any plea bargains or agreements between the State's attorney and the confidential informant; depose the confidential informant, Sandy Bradford; cross examine two state witnesses; inform petitioner he could wear something other than jail clothing at trial;  and (11-13) constitutional violations because: prior conviction as juvenile cannot be used as a predicate for habitualization; the court lacked the requisite predicate felonies

essential to qualify Petitioner for a habitual felony offender sentence; and the statute under which Petitioner was convicted, Florida Statutes 893.13, was unconstitutional.  Collins raised Ground One on direct appeal and Grounds Two-Twelve through a Rule 3.850 motion for postconviction relief. Each Ground will now be addressed individually.

**Ground One:**

Petitioner claims that the admission of hearsay testimony constituted fundamental error because it violated his confrontation clause rights. Although Petitioner asserts a violation of his confrontation clause rights, the substance of this argument revolves around the admission of testimonial evidence. However, "questions regarding the admissibility of evidence are matters of state law and are not, on their own, cognizable in an action for habeas corpus" unless Petitioner can demonstrate "the state court's evidentiary error deprived him of fundamental fairness in his criminal trial." *Hopkins v. Deloy,* 600 F.Supp.2d 591, 602 (D. Del. 2009).  Therefore, since Petitioner has failed to establish a lack of fundamental fairness in his criminal trial, this Court may not consider the admissibility of hearsay testimony.

And, here, Petitioner is mistaken about the testimony.  The testimony admitted was not hearsay.  Pursuant to § 90.801(1)(c), Fla. Stat. (2007), hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted.  Petitioner claims hearsay evidence was introduced when Detective Wilson testified to the name he was given by Detective Gibson, but Detective Wilson provided no such information. In court, the following exchange took place:

> **State**: And at some point – I'm not going to ask you what it was, but were you provided a full name?

> **Wilson**: Yes.
>
> **State**: Okay. Thereafter, did you check the records of the Florida Department of Highway Safety and Motor Vehicles for a driver's license record for a Jermaine Collins?
>
> **Wilson**: I did, yeah.

(Ex. 2, p. 147-148).  As exhibited above, Detective Wilson never testified as to a "statement" told to him by Detective Gibson. Rather Detective Wilson just confirmed that he had spoken with Detective Gibson and was provided a name. The question posed by the prosecutor may have been objectionable, but the testimony was not hearsay.

Even if the testimony were reviewable by this court, the issue was not properly preserved.  In Florida, "[f]or an issue to be preserved for appeal, it must be presented to the lower court, and the specific legal argument or ground to be argued on appeal must be part of the presentation."  *Doorbal v. State*, 983 So.2d 464, 492 (Fla. 2008).  Further, a federal court is precluded from reviewing a claim that has been defaulted under state law.  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).  A Petitioner can overcome such preclusion by demonstrating: (1) cause for his state-court default of a federal claim and prejudice therefrom or (2) a sufficient probability that the Court's failure to review the federal claim will result in a fundamental miscarriage of justice.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

In Petitioner's brief on direct appeal it states: "no objection was raised at trial concerning Detective Wilson's testimony that another officer told him Jermaine Collins was the seller."  (Ex. 5, p. 10). Consequently, the issue was defaulted under state law and as a result, this Court is precluded from reviewing it unless Petitioner can satisfy the exception

or show cause and prejudice therefrom.   But Petitioner never attempted to satisfy the exception or show cause and prejudice.  Rather, Petitioner's amended petition only states:

> During Petitioner's jury trial, a police detective was allowed to testify to what another Detective told him.  This other Detective told Detective Wilson that the petitioner was the seller of cocaine.  This testimony was hearsay, and it violated Petitioner's right to the confrontation clause of the United States Constitution.

Therefore, Petitioner's challenge to the admission of hearsay testimony is procedurally barred from review by this Court and is inadequate as grounds for habeas relief.

**Grounds Two-Ten:**

Grounds two through ten claim ineffective assistance of counsel.  In order for ineffective assistance of counsel to be grounds for habeas relief Petitioner must satisfy the test establish in *Strickland v. Washington.*  This requires a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance is performance, which is objectively unreasonable under prevailing professional norms.   *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding could have been different."  *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"   *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).  All eight grounds of Collins petition claiming ineffective assistance of counsel fail to satisfy *Strickland* and are therefore inadequate for granting habeas relief.

In ground two Petitioner claims counsel was ineffective for failing to properly advise Petitioner that the court could refuse to accept the State's recommended sentence and further that the sentence offered was a true split sentence. Petitioner states:

Defense counsel did not inform Petitioner that the court could refuse to accept the State's recommended sentence, nor did counsel explain to Petitioner that the sentence was a true split sentence.

(Dkt. 6, p. 7). But Petitioner fails to demonstrate how this failure constitutes deficient performance. Further, Petitioner does not demonstrate any prejudice as a result of counsel's action. The court declined to accept the plea agreement Petitioner had entered into with the state and instead offered Petitioner a new potential sentence, which Petitioner refused to accept. Petitioner makes no claim that had he been advised the court could reject his plea offer with the state or that the sentence was a true split sentence, he would have done anything differently. He accepted the State's offer. Had he rejected it, he would have been in the same position of either accepting or declining the court's offer. The result would have been the same. Consequently, Petitioner fails demonstrate either deficient performance on the part of counsel or prejudice resulting therefrom. Ground two fails for lack of merit.

Petitioner's third ground claims ineffective assistance of counsel for failing to suppress business records. Petitioner argues the records were inadmissible hearsay because they were kept solely for the purpose of complying with the law and were not needed for billing purposes. (Dkt. #6, p. 8). However, Petitioner has failed to show how counsel was deficient for failing to suppress these records. *Id*. Florida's hearsay exception for business records does not require that the records be used by the company for a specific purpose but rather that the records are kept in the course of regularly conducted business activity. Fla. Stat. § 90.803(6)(a). Any objection to the admissibility of these records would have been meritless and thereby Petitioner fails to demonstrate deficient performance on the part of counsel. As a result ground three fails for lack of merit.

Ground four claims counsel was ineffective for failing to file a motion to dismiss based on entrapment.  The amended petition it states:

> Petitioner asserts he was entrapped by Detective Wilson. Counsel after being alerted to the number of calls made by the C.I. and Detective Wilson and his earlier refusals to assist the C.I., counsel should have moved to dismiss the charges based on entrapment.

(Dkt. #6, p. 12).

Petitioner fails to reference any specific piece of evidence in the record that would establish a correlation between the number of calls and entrapment. Petitioner cannot establish deficient performance or prejudice solely based on speculation. Therefore Petitioner has failed to overcome *Strickland*.

Even if Petitioner had exhibited evidence of entrapment, it is unlikely the defense would have been successful.  The defense of entrapment, in both Florida and Federal courts, requires the Defendant to show that he committed the crime, was not predisposed to do so, and the government agent induced him to commit it.  *Mathews v. U.S.*, 485 U.S. 58, 63 (1988). *See also Jimenez v. State*, 933 So.2d 553, 555 (Fla. 2d DCA 2008).  In his amended petition, Petitioner fails to point to any evidence demonstrating a willingness to admit selling the cocaine , or a lack of predisposition to do so. *See Green v. State*, 34 So.3d 783, 784 (Fla. 2d DCA 2010).  In fact, Petitioner's defense was to the contrary; that he did not make the sales of cocaine in question. Considering this, counsel was not deficient in failing to file a motion to dismiss and ground four must be denied.

Petitioner claims ineffective assistance of counsel in grounds five and nine based on counsel's failure to depose and cross-examine Detective Wilson or Detective Krzysiak. Petitioner argues that a cross-examination or deposition of Detective Wilson could have revealed the number of calls made between Petitioner and Detective Wilson.  (Dkt. #6, p.

14).  Petitioner claims revealing these phone records could be used to impeach Detective Wilson. Yet Petitioner does not provide any evidence demonstrating Detective Wilson failed to reveal the true number of phone calls in his testimony. Further, Petitioner does not state how the number of calls alone would establish a defense of entrapment.  This lack of factual support fails to demonstrate deficient performance on the part of counsel and prejudice resulting therefrom.  (Dkt. #6, p. 14).  In fact, it appears the only reason Petitioner sought to reveal the number of phone calls would be to attempt to establish an entrapment defense, which, as addressed earlier, would require Petitioner to admit to the crimes and demonstrate a lack of predisposition.

As for Detective Krzysiak, Petitioner asserts that cross-examination was proper to demonstrate the irrelevance of a video, which, according to Petitioner "did not show any transaction between Petitioner and Detective Wilson, nor did it show Petitioner meeting Wilson." (Dkt. #6, p. 17).  The video was filmed by Detective Krzysiak and was an "outside perspective of the narcotics transaction." (Ex. 2, p. 203-206).  It was admitted into evidence through the testimony of Detective Krzysiak and his description of Detective Wilson's meeting with Petitioner.  *Id*.  Although Petitioner may think the video is irrelevant, he is wrong.  Relevance was established through Detective Krzysiak's testimony.  Any objection as to relevance would have been meritless.  Therefore, Petitioners claims in both counts five and nine fail to satisfy the *Strickland* test and are denied.

Ground six claims ineffective assistance of counsel for failing to move to have counts two, four, six and eight set aside because counts one, three, five and seven encompass the same elements.  Petitioner grounds this argument on his belief that he cannot be charged with both sale and possession of the same cocaine.  (Dkt. #6, p. 15).  To the contrary, both

the state and federal law is that the offense of possession is separate from that of a sale. Offenses are separate if one requires proof of an element that the other does not. *See* Florida Statute section 775.021(4)(a); *See also Blockburger v. U.S.*, 284 U.S. 299, 303 (1932). In this case, as in *State v. McCloud*, "the crime of sale does not require possession as an element, and the crime of possession does not require sale as an element." 577 So.2d 939, 940 (Fla. 1991). Therefore, since possession and sale require different elements, both can be charged. As a result, counsel had no basis to move to have four of the convictions set aside and Petitioner once again fails the *Strickland* test. Ground six will be denied for lack of merit.

In grounds seven and eight, Petitioner claims counsel was ineffective for failing to depose the confidential informant ("CI") and move for the disclosure of any plea bargains or agreements between the prosecutor and the CI. (Dkt. #6, p. 15-16). However, Petitioner fails to show how a deposition or the disclosure of a plea bargain would have affected the outcome of his case. Normally, a plea agreement is used to impeach a testifying witness, but the CI did not testify at trial. Further, Petitioner is merely speculating as to the testimony of the CI and the potential benefit it may have had in his case (Ex. 2 p. 127-132). In fact, the record indicates that the CI was only used to initiate contact with the defendant. Consequently, neither deficient performance nor prejudice can be established. Grounds seven and eight will be denied.

In ground ten Petitioner claims counsel was ineffective for allowing him to attend the jury trial in jail clothes. (Dkt. #6, p. 17). Yet Petitioner fails to show how counsel was deficient. As the Supreme Court has stated, "it is not an uncommon defense tactic to produce the defendant in jail clothes in hope of eliciting sympathy from the jury." *Estelle v.*

*Williams,* 425 U.S. 501, 508 (U.S. 1976). Consequently, Petitioner has failed to show counsel's performance was deficient. Petitioner also fails to show wearing "jail clothes" prejudiced him.  Petitioner only claims, without further explanation, that  "[c]ounsel's omissions deprived him of a fair trial and equal protection."  As a result, Petitioner fails to establish deficient performance on the part of counsel or prejudice resulting therefrom and for these reasons ground ten will be denied.

**Grounds Eleven & Twelve:**

In  grounds  eleven  and  twelve,  Petitioner  contends  that  his  habitual  offender sentence was illegal as a matter of state law.  (Dkt. #6, p. 17-18).  Petitioner claims, under Florida Statute 39.10(4), prior convictions, as a juvenile cannot be used as a predicate for habitualization. He further argues that, without the juvenile conviction, the trial court lacked the requisite predicate felonies to qualify Petitioner as a habitual offender.  But, "federal courts can not review a state's alleged failure to adhere to its own sentencing procedures."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).  Therefore, since Petitioner is claiming an alleged violation of Florida's sentencing procedures, it is not cognizable by this Court.

Even if this Court could review the sentence imposed, Petitioner is incorrect in contending the sentence is a violation of due process. In *McCullough v. Singletary*, the Eleventh Circuit determined that an enhancement of an adult sentence based on a prior juvenile conviction was not a violation of a defendant's due process rights.  967 F.2d 530, 536 (11th Cir. 1992).  Accordingly, the enhancement of Petitioner's sentence based on his prior conviction as a juvenile was not a constitutional deprivation.  Based on these reasons, counts eleven and twelve will be denied.

**Ground Thirteen:**

In ground thirteen, Petitioner claims, pursuant to *Shelton v. Secretary, Department of Corrections*, that section 893.13, Florida Statutes, is unconstitutional and therefore his sentence is illegal.  802 F. Supp. 2d 1289 (M.D. Fla. 2011), reversed, 691 F.3d 1348, 1354 (11th Cir. 2012).  The Eleventh Circuit has reversed *Shelton*, holding the Florida statute in question is constitutional.  *Id*.  Accordingly, ground thirteen will be denied.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has failed to establish he is entitled to federal habeas relief.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus is DENIED.

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*.  at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida, on this 19th day of June, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-2292 deny 2254.docx

14